IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 1:11-CR-11 |
| ) | |
| SEAN THEODORE BREHM, ) | Hon. Anthony J. Trenga |
| ) | |
| Defendant. ) | |

## PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Ronald L. Walutes, Jr., Assistant United States Attorney, Lanny A. Breuer, Assistant Attorney General for the U.S. Department of Justice, Criminal Division, James S. Yoon, Senior Trial Attorney, U.S. Department of Justice, Criminal Division, Human Rights and Special Prosecutions Section, the defendant, Sean Theodore Brehm, and the defendant's counsel have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1.  **Offense And Maximum Penalties**

The defendant agrees to plead guilty to Count 2 of the indictment charging him with assault resulting in serious bodily injury, in violation of Title 18, United States Code, Section 113(a)(6). The maximum penalties for Court 2 are a maximum of a term of imprisonment of ten (10) years, a fine of $250,000, full restitution, a special assessment, and three (3) years of supervised release. The defendant understands that this supervised release term is in addition to any prison term he may receive, and that a violation of a term of supervised release could result in him being returned to prison for a full term of supervised release.

2.  **Factual Basis For The Plea**

The defendant will plead guilty because the defendant is in fact guilty of the offense charged in Count 2 of the indictment. The defendant admits the facts set forth in the statement of facts filed with this plea agreement, as well as the Joint Statement of Undisputed Facts and attachments (docket number 32),[1] and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The statement of facts and the Joint Statement of Undisputed Facts and attachments (docket number 32), which is hereby incorporated into this plea agreement, constitute a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

3. **Assistance And Advice Of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, the defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a. the right to plead not guilty and to persist in that plea;

b. the right to a jury trial;

c. the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

d. the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

---

[1] The defendant hereby admits that all facts, including alleged conduct, in the Joint Statement of Undisputed Facts are true and the Joint Statement of Undisputed Facts shall be constructively amended as such.

4.      **Role Of The Court And The Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above, but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the United States Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court.

Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Court, after considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.

Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and assuming the defendant complies with the terms of his plea agreement, the United States and the defendant will recommend to the Court that the following with respect to the Sentencing Guidelines:

    a.    U.S.S.G. § 2A2.2(a) applies to the assault offense to which the defendant is pleading guilty, for a base offense level of 14;

    b.    U.S.S.G. § 2A2.2(b)(2)(B) applies because a dangerous weapon was used during the offense, resulting in a 4 level increase to the offense level;

    c.    The parties agree that under U.S.S.G. § 2A2.2(b), the combined maximum of 10 offense levels should be applied in this case;

    d.    The parties are not aware of any facts that would support an additional adjustment under Chapters 2 and 3 of the Guidelines; and

    e.    The United States agrees to recommend a sentence within the advisory Guideline range.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to move at the time of sentencing for an additional one-level decrease in the defendant's offense level pursuant to U.S.S.G. § 3E1.1(b).

5.    **Waiver of Appeal, FOIA and Privacy Rights**

The government agrees that the defendant's plea of guilty is entered pursuant to the terms of Federal Rule of Criminal Procedure 11(a)(2). Pursuant to that Rule, the parties agree that the defendant, with the consent of the Court, may enter a conditional plea of guilty, reserving his right to appeal the Court's order (docket number 44) denying his motion to dismiss for lack of jurisdiction (docket number 23) and his motion to dismiss the indictment as beyond Congress's

4

enumerated powers (docket number 26). Only in the event of a reversal of that decision will the defendant be permitted to withdraw his plea. The government does not consent to an appeal on any issues not raised in or related to the aforementioned motions to dismiss, and the defendant hereby waives his right to appeal any other issue. The defendant understands that the Court decides whether to approve the entry of this conditional plea under Rule 11(a)(2) of the Federal Rules of Criminal Procedure.

This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

6.    **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

7.    **Payment of Monetary Penalties**

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing

5

debtor's examination. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

8. **Immunity From Further Prosecution In This District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts.

9. **Dismissal of Other Counts**

Following the defendant's entry of a guilty plea to Count 2 of the indictment, the United States will move to dismiss Count 1 of the indictment, charging the defendant with assault with a dangerous weapon with intent to do bodily harm and without just cause or excuse, in violation of Title 18, United States Code, Section 113(a)(3).

10. **Agreement Regarding Transfer To South Africa To Serve Sentence**

The United States Attorney's Office for the Eastern District of Virginia and the U.S. Department of Justice, Criminal Division, Human Rights and Special Prosecutions Section agree not to oppose the defendant's transfer to South Africa to serve his sentence, if South Africa becomes a signatory to an applicable treaty or otherwise reaches an agreement with the United States that would allow the defendant to serve his sentence in South Africa. The parties acknowledge that the United States and South Africa have not entered into a bilateral treaty governing the transfer of prisoners and that South Africa is not a signatory to the Council of

Europe Convention on the Transfer of Sentencing Persons or the Inter-American Convention on Serving Criminal Sentences Abroad. The parties also acknowledge that, at present, there is no treaty or agreement that would allow him to serve his sentence in South Africa.

11. **Impact of Guilty Plea on Immigration Status**

The defendant acknowledges that he is present in the United States strictly in relation to being prosecuted in this case. The defendant affirms that the defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

12. **Consent to Removal After Completion of Sentence**

The defendant acknowledges that the defendant is removable from the United States and agrees not to contest any removal proceedings brought against the defendant by the Department of Homeland Security (DHS). If the DHS files a Notice to Appear or other administrative charging document against the defendant, the defendant agrees to request voluntary removal and consent to such removal. The defendant acknowledges that by consenting to removal, the defendant will be immediately removed from the United States upon the completion of any period of incarceration. The defendant knowingly waives any and all rights to appeal, reopen, reconsider, or otherwise challenge this removal.

13. **Breach Of This Agreement And Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit

any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid, 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

14. **Nature of the Agreement and Modifications**

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: _____
Ronald L. Walutes, Jr.
Assistant United States Attorney

Lanny A. Breuer
Assistant Attorney General
U.S. Department of Justice
Criminal Division

By: _____
James S. Yoon
Senior Trial Attorney
U.S. Department of Justice
Criminal Division
Human Rights and Special Prosecutions Section

Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment. Further, I fully understand all rights with respect to Title 18, United Slates Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Sean Theodore Brehm
Defendant

Date: 4/8/2011

Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Michael S. Nachmanoff
Counsel for the Defendant

Date: 4/8/11

10